UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | Chapter 7 |
| | § | (Previously Chapter 11) |
| **SMILEDIRECTCLUB, INC.,** *et al.* | § | |
| | § | Case No. 23-90786 (CML) |
| **Debtors.** | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |
| **SHELIA FATTY, individually and on behalf** | § | Adv. Proc. No. 24-03003 |
| **of all others similarly situated** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SMILEDIRECTCLUB, LLC,** *et al.* | § | |

**TRUSTEE'S MOTION TO ABATE ADVERSARY PROCEEDING AND DEADLINES**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Allison D. Byman, the Chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of SmileDirectClub, Inc., *et al.* (collectively, "SmileDirect" or the "Debtors"), hereby files this *Motion to Abate Adversary Proceeding and Deadlines* (the "Motion") and represents as follows:

15272204

**PRELIMINARY STATEMENT**

1. On January 8, 2024, Shelia Fatty, individually and on behalf of a putative class of WARN Act claimants (the "Plaintiff"), filed a putative class action adversary complaint [Adv. No. 24-03003] (the "Adversary Proceeding") against SmileDirectClub, Inc., SmileDirectClub, LLC, and Access Dental Lab, LLC (the "Debtor Defendants").  The relief sought in the Adversary Proceeding is allowance of a chapter 11 administrative claim on behalf of a putative class of former employees.  To date, the Plaintiff has failed to properly serve the Trustee.

2. Despite not having a certified class, the Plaintiff also filed an application for an administrative claim allegedly on behalf of a class of former employees in the liquidated amount of $22,630,998.05.  The Court previously entered an order tolling all deadlines for the Trustee to object to administrative expense claims (excluding claims for professional fees) until further order of the Court.  Despite this order, the Plaintiff has attempted to serve a summons in the Adversary Proceeding and refused to acknowledge the applicability of the Court's order to the Adversary Proceeding.

3. Because the Plaintiff has filed an administrative claim stating the exact same claims asserted in the Adversary Proceeding, the Trustee seeks entry of an order of the Court abating the Adversary Proceeding and all deadlines therein.

**JURISDICTION**

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This matter is a core proceeding under 28 U.S.C. §§ 157(b).  Venue is proper pursuant to 28 U.S.C. § 1408.  The statutory bases for the relief requested herein are sections 105 and 503 of title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

5.      On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Chapter 11 Cases", and after the Conversion Date, the "Chapter 7 Cases"). The Chapter 11 Cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b).

6.      The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Docket No. 617] on January 26, 2024 (the "Conversion Date"). The Debtors are no longer operating. On the Conversion Date, the U.S. Trustee appointed Allison D. Byman as the Chapter 7 Trustee in these bankruptcy cases.

7.      On January 8, 2024, the Plaintiff filed the Adversary Proceeding against SmileDirectClub, Inc., SmileDirectClub, LLC, and Access Dental Lab, LLC for alleged post-petition violations of the WARN Act. The relief sought in the Adversary Proceeding is allowance of an administrative claim on behalf of a putative class of former employees.

8.      The summons was issued by the Court on January 12, 2024 (prior to the Conversion Date) but was not mailed by the Plaintiff until February 27, 2024. The summonses were apparently served on SmileDirectClub, Inc., SmileDirectClub, LLC and Access Dental Lab, LLC through Corporation Services Co. at 2908 Poston Ave., Nashville, Tennessee 37203-1312. To date, Trustee has not been served.

9.      On February 13, 2024, the Trustee filed the *Emergency Motion to Establish Bar Dates for Chapter 11 Administrative Expense Claims and Professional Fees* [Docket No. 650]. On February 14, 2024, the Court entered the *Order Establishing Bar Date for Chapter 11*

*Administrative Expense Claims and Professional Fees* [Docket No. 654] (the "Bar Date Order"). The Bar Date Order established March 15, 2024 as the Administrative Claim Bar Date (as defined in the Bar Date Order). The Bar Date Order further provides that, "The deadline for the Trustee or any other party in interest to file an objection to any application for Administrative Claim shall be tolled pending further order of this Court, including for all applications for Administrative Claims filed prior to entry of this Order." Bar Date Order ¶ 5.

10. On March 15, 2024, the Plaintiff, individually and on behalf of the putative class of WARN Act Claimants which has not been certified, filed the *Shelia Fatty Application for Allowance of Chapter 11 Administrative Expense Claim* [Docket No. 712] ("WARN Act Admin Claim") seeking allowance of an administrative claim for the putative class in the amount of $22,630,998.05. The WARN Act Admin Claim does not explain how this liquidated amount was determined by the Plaintiff. The WARN Act Admin Claim makes no mention of the Adversary Proceeding.

## RELIEF REQUESTED

11. The Trustee respectfully requests that the Court enter an order substantially in the form attached hereto abating the Adversary Proceeding and all deadlines therein until further order of this Court which is consistent with the relief previously granted in the Bar Date Order.

## BASIS FOR RELIEF[1]

12. Section 105 of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Courts in this circuit regularly abate adversary proceedings to allow

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Order.

4

15272204

judicial proceedings or other processes to go forward. *See, e.g., In re Hensley v. Hensley*, 551 B.R. 792, 797 (E.D. Tex. 2015) (noting abatement of adversary proceeding to allow state court process to continue); *Elite Precision Fabricators, Inc. v. Gen. Dynamics Land Sys.*, Civil Action No. H-14-2086, 2015 U.S. Dist. LEXIS 169257 (S.D. Tex. Dec. 18, 2015) (noting abatement during mediation); *DK Joint Venture 1 v. Weyand*, Civil Action No. 3:07-CV-0509-K, 2013 U.S. Dist. LEXIS 191347, at *8 (N.D. Tex. July 16, 2013) (abatement during appeal and for factual determinations by the finder of fact).

13. The Court entered the Bar Date Order, which tolled the deadline for the Trustee or any other party in interest to file an objection to any application for the allowance of an administrative claim pending further order of the Court. Bar Date Order ¶ 5. The Plaintiff filed the WARN Act Admin Claim on March 15, 2024 in accordance with the Bar Date Order.[2] It is therefore subject to the same tolling requirement as every other administrative claim filed before or after the entry of the Bar Date Order in these bankruptcy cases.

14. The WARN Act Admin Claim and the Adversary Proceeding set forth the exact same alleged claims. The Trustee should not be required to file responsive pleadings, engage in discovery, or otherwise litigate the Adversary Proceeding when the Plaintiff's claims can be dealt with under section 503 of the Bankruptcy Code and any other procedures implemented by order of this Court. Therefore, in order to facilitate the efficient and orderly administration of the Debtors' estates, the Adversary Proceeding should be abated, and all related deadlines should be tolled, subject to further order of this Court, like every other administrative claim filed in these bankruptcy cases.

---

[2] Of note, the WARN Act Admin Claim makes no mention of the Adversary Proceeding at all.

15. There will be no undue prejudice to the Plaintiff or the putative class of WARN Act claimants if the Court abates the Adversary Proceeding. The Adversary Proceeding was commenced on January 8, 2024. The Plaintiff attempted to serve the summonses on the Debtor Defendants. However, the Plaintiff failed to (i) serve the summonses within the period of time required by the Federal Rules of Bankruptcy Procedure and (ii) never served the Trustee. The summonses were issued by the Clerk of Court for the United States Bankruptcy Court for the Southern District of Texas on January 12, 2024. The Bankruptcy Rules require that a summons and complaint be "deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served." *See* Fed. R. Bankr. P. 7004(e). The certified mail receipt attached to the executed summonses shows that the summonses were mailed on February 27, 2024—46 days after the summonses were issued by the Clerk of Court. In addition, the summonses were served on the Debtor Defendants, but to date the Trustee has not been served. The Plaintiff has accordingly failed to comply with Bankruptcy Rule 7004(e).

16. Aside from filing the complaint, the Plaintiff has not taken any actions in the Adversary Proceeding, which is in its earliest stages. The Trustee has not even been properly served. There is no harm or undue delay in abating the Adversary Proceeding and adjudicating the WARN Act Admin Claim in the same fashion and under the same procedures as the other administrative claims filed in these bankruptcy cases. It is far more orderly and efficient to address the Plaintiff's claim in the same way as all other administrative claims will be addressed.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto, abating the Adversary Proceeding and tolling all deadlines therein until further order of this Court and granting the Trustee such other relief as is just and proper.

15272204

Dated:   April 1, 2024.
        Houston, Texas

Respectfully Submitted,

By: */s/ Aaron J. Power*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Aaron J. Power (TX Bar No. 24058058)
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6000
Fax: (713) 226-6248
jwolfshohl@porterhedges.com
apower@porterhedges.com

**Counsel for the Chapter 7 Trustee,
Allison D. Byman**

7

15272204

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was sent by U.S. first-class mail to the parties listed below and forwarded by electronic transmission to all registered ECF users appearing in the case on April 1, 2024.

LANGSTON & LOTT, PLLC
Attn: Jack Simpson
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382

*/s/ Aaron J. Power*
Aaron J. Power

15272204